UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED CLARKE,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:20-cv-2360 CKD (SS)<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  The parties have consented to magistrate judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1966, applied on May 3, 2018 for DIB, alleging disability beginning in 2012; he later amended the onset date to November 21, 2017.  Administrative Transcript ("AT") 15, 17, 21.  Plaintiff alleged he was unable to work due to back injury, neck injury, headaches, lingering after-stroke conditions, balance problems, problems with left arm and hand, and fatigue.

AT 43. In a decision dated June 2, 2020, the ALJ determined that plaintiff was not disabled.[1] AT 15-23. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2017.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his amended alleged onset date of November 21, 2017, through his date last insured of December 31, 2017.
>
> 3. Through the date last insured, the claimant had the following severe impairments: cervical/lumbar degenerative disc disease.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

     5. After careful consideration of the entire record, I find that, through the date last insured, that the claimant had the residual functional capacity to perform light work, except the claimant is limited to occasional postural activities but no climbing of ladders/ropes/scaffolds; occasional handling, fingering and feeling in left upper extremity. He should avoid hazards such as machinery, heights, etc.

     6. Through the date last insured, the claimant was unable to perform any past relevant work.

     7. The claimant was born on XX/XX/1966, which is defined as an individual closely approaching advanced age, on the date last insured.

     8. The claimant has at least a high-school education and is able to communicate in English.

     9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

     10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

     11. The claimant was not under a disability, as defined in the Social Security Act, fron November 21, 2017, the amended alleged onset date, through December 31, 2017, the date last insured.

AT 17-22.

ISSUES PRESENTED

Plaintiff argues that the ALJ's determination that there are a significant number of jobs in the national economy plaintiff can perform is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff asserts that, at Step Five, the ALJ did not resolve an apparent inconsistency between the vocational expert's (VE's) testimony and the Dictionary of Occupational Titles. Plaintiff argues that the ALJ's residual functional capacity (RFC), limiting him to light work with "occasional handling, fingering and feeling in the left upper extremity," conflicts with the occupations the VE testified that plaintiff could perform. Plaintiff argues that his left-side handling and fingering limitations meant he could not perform any of the jobs identified by the VE.

The United States Department of Labor, Employment & Training Administration's Dictionary of Occupational Titles ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1); see Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995) (reliance on the DOT acts as a presumption that may be

rebutted by the testimony of a vocational expert); see also Social Security Ruling 00-4p (providing that when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy).  Under Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015), "[w]hen there is an apparent conflict between the [VE's] testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle – the ALJ is required to reconcile the inconsistency."

The ALJ relied on VE testimony that jobs existed in the national economy for an individual with plaintiff's age, education, work experience, and RFC.  AT 22.  The VE testified that such an individual would have been able to perform the requirements of jobs such as sales attendant, retail marker, and rousting clerk.  AT 22. The ALJ's decision noted:

> Pursuant to SSR 00-4p, the vocational expert noted that while her testimony was not inconsistent with the information contained in the [DOT], <u>some limits in residual functional capacity (such as handling and fingering) are based on her experience and training</u>, including education, performing labor market surveys, job analyses, and doing job placement.  As evidenced by her resume in the file, she is a well-qualified vocational expert and I accept her testimony in regard to all vocational issues.

AT 22 (emphasis added).

At the May 21, 2020 hearing on his claim, plaintiff testified that he experienced numbness in his left hand and fingers, which made him occasionally drop things and made it hard to handle anything small.  AT 35.  He testified that he was right-handed.  AT 35.  VE Cathleen Spencer testified that an individual with plaintiff's RFC, including left-hand limitations, could not perform his past work as a water softener servicer (extertion level heavy); however, he could perform light-exertion jobs[2] as a sales attendant, retail marker, and routing clerk.  AT 22.  Ms. Spencer

---

[2] 20 CFR 404.1567(b) provides: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors

testified that there was no conflict between her testimony and the DOT.  AT 36-37.

Plaintiff argues that there was a conflict, because the three jobs the VE identified require frequent handling or fingering.  See DOT Code 299.677-010 available at 1991 WL 672643 (sales attendant — DOT provides for frequent handling and occasional fingering); DOT Code 209.587-034 available at 1991 WL 671802 (retail marker — DOT provides for frequent handling and fingering); DOT Code 222.587-038 available at 1991 WL 672123 (routing clerk — DOT provides for frequent handling and occasional fingering).  Plaintiff argues that his limitation on handling and fingering in the non-dominant hand created an apparent unresolved conflict between the VE's testimony and the DOT.  Plaintiff contends that "the VE's testimony [that no such conflict existed] is false." ECF No. 19 at 8.

Defendant counters that, "where handling and fingering with a nondominant hand is unlikely or unforeseeable for a particular job, there is no obvious conflict between the DOT and a VE's testimony."  ECF No. 22 at 6, citing Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016) ("For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with . . . job requirements that are essential, integral, or expected.").  Courts have held that, where the DOT's description of a job does not include bilateral reaching, handling, and fingering, there is no apparent conflict with a VE's testimony that a person limited in the non-dominant hand can perform the job.  See, e.g., Sylvia L. v. Kijakazi, 2021 WL 5034830, at *4 (C.D. Cal. Sept. 10, 2021) (no apparent conflict between VE testimony that claimant limited to occasional reaching, handling, fingering, feeling and pushing/pulling with the non-dominant hand could perform past relevant work as a school secretary as job did not require bilateral use of upper extremities) (collecting cases); Jesus C. v. Saul, 2020 WL 6955615, at *4 (C.D. Cal. Nov. 24, 2020) ("[C]ourts have routinely held that a job requiring reaching, handling, or fingering does not necessarily require the use of both arms absent affirmative evidence to the contrary[.]") (collecting cases).

---

such as loss of fine dexterity or inability to sit for long periods of time."

Here, the DOT's descriptions for the jobs identified by the VE do not appear to include more than occasional handling, fingering, and feeling with the non-dominant hand, as permitted by plaintiff's RFC.  Per the DOT, a sales attendant's duties may include "mark[ing] or ticket[ing] merchandise" along with assisting customers, arranging merchandise, taking inventory of stock, and other such duties.  See DOT Code 299.677-010.  A routing clerk "stamps, stencils, letters or tags packages, boxes, or lots of merchandise to indicate delivery routes," among other duties.  See DOT 222.587-038.  The DOT provides that a retail marker

> Marks and attaches price tickets to articles of merchandise to record price and identifying information: Marks selling price by hand on boxes containing merchandise, or on price tickets.  Ties, glues, sews, or staples price ticket to each article.  Presses lever or plunger of mechanism that pins, pastes, ties, or staples ticket to article.

See DOT 209.587-034 (also listing additional duties).  Though the jobs evince a need for frequent dominant-hand work, they do not suggest that frequent handling and fingering with both hands is required.  Thus, the VE's testimony was not in apparent conflict with the DOT, such that the ALJ was required to resolve it.

Plaintiff argues that the ALJ erred by relying on the VE's "experience and training" to resolve the purported conflict between her testimony and the DOT as to handling and fingering.  As there was no conflict to resolve, however, any such error was harmless.  Plaintiff has not shown harmful error at Step Five.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  July 25, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/clark2360.dib.ckd